

FILED
JUL 21 2021
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF WEST VIRGINIA

### CLARKSBURG DIVISION

PEGGY A. TOOTHMAN, as Personal
Representative of the Estate of DONALD
E. TOOTHMAN,

      Plaintiff,

      v.

HUNTINGTON BANCSHARES
INCORPORATED, a West Virginia
Foreign Corporation, and J.P. KNUTSEN,
Individually

      Defendants.

Civil Action No. 1:21 cv 97 Kleeh

Jury Demand

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT the Defendant, Huntington Bancshares Incorporated and J.P. Knutsen invoke the diversity jurisdiction of this Honorable Court on the following grounds:

1. On June 1, 2021, Plaintiff Peggy A. Toothman, as Personal Representative of the Estate of Donald E. Toothman, filed a Complaint in the Circuit Court of Marion County, West Virginia in which Huntington Bancshares Incorporated and J.P. Knutsen are named as defendants therein. See Exhibit A – Complaint.

2. This state court action is pending before the Circuit Court of Marion County, West Virginia at Civil Action No. 21-C-72, which lies within this Honorable Court's District.

3. Plaintiff served the Summons and Complaint upon the Secretary of State of West Virginia, as Huntington Bancshares Incorporated's statutory attorney-in-fact, on June 22, 2021. See Exhibit B.

1

4.      Defendants aver that J.P. Knutsen was personally served with the Summons and Complaint on June 23, 2021. See Exhibit C.

5.      Accordingly, this Notice of Removal has been timely filed within thirty (30) days of Huntington Bancshares Incorporated and/or J.P. Knutsen's receipt of the Summons and Complaint. See 28 U.S.C. § 1446(b).

## REMOVAL JURISDICTION

6.      28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7.      28 U.S.C. § 1441(b) permits removal solely on the basis of 28 U.S.C. § 1332(a), namely diversity jurisdiction.

8.      28 U.S.C. § 1332(a) sets forth the basic requirements for proper diversity jurisdiction; in particular, there must be (1) complete diversity of citizenship between the parties and (2) the amount in controversy must exceed $75,000.

9.      "Section 1332 requires complete diversity of citizenship; that is, the citizenship of each plaintiff must be diverse from the citizenship of each and every defendant." Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir.2011) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)).

10.      When a defendant removes a case based on diversity of citizenship, courts are permitted to look to materials outside the pleadings, including documents appended to a notice of removal that convey information essential to the court's jurisdictional analysis. See Romano v. Kazacos, 609 F.3d 512, 520 (2d Cir.2010)); see also Yongo v. Nationwide Affinity Ins. Co. of

2

Am., No. 5:07-CV-94-D, 2008 WL 11504849, at *2 (E.D.N.C. Apr. 10, 2008), report and recommendation adopted sub nom. Yongo v. Nationwide Mut. Ins. Co., No. 5:07-CV-94-D, 2008 WL 6582152 (E.D.N.C. May 18, 2008), aff'd sub nom. Yongo v. Nationwide Ins. Co., 299 F. App'x 259 (4th Cir. 2008) citing Coury v. Prot, 85 F.3d 244 249 (5th Cir. 1996) ("In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties,"); District of Columbia ex rel. American Combustion Inc. v. Transamerica Ins. Co., 797 F.2d 1041, 1044 (D.C. Cir. 1986) ("The whole record may be searched to determine if diversity existed."); Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S. Ct. 1009, 1011, 91 L. Ed. 1209 (1947) ("when a question of a district court's jurisdiction is raised...the court may inquire by affidavits or otherwise. into the facts as they exist.")(internal citations omitted).

**A.      Diversity of Citizenship**

11.      28 U.S.C. § 1332(a) provides district courts with "original jurisdiction of all civil actions where the matter in controversy...is between citizens of different States."

12.      An individual is a citizen of the state in which he or she is domiciled. Johnson v. Advance Am., 549 F.3d 932, 937 n. 2 (4th Cir.2008).

13.      "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business." Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 102 (4th Cir. 2011).

14.      Plaintiff Peggy A. Toothman, as Executrix of the Estate of Donald E. Toothman is and was at all times relevant hereto, a resident of Kanawha County, West Virginia. See Exhibit A at ¶1.

3

15.     Defendant Huntington Bancshares Incorporated is a Maryland corporation, with its principal place of business in Ohio.  See Exhibits D and E.

16.     All times relevant hereto, Defendant, J.P. Knutsen has maintained his domicile at 377 North Moreland Street, Bobtown PA 15315.  See Exhibit F.

17.     In accordance with the requirements of 28 U.S.C. § 1332(a), there exists diversity of citizenship between the parties to this matter and, on the basis of diversity of citizenship, removal is appropriate.  28 U.S.C. §§ 1441, 1332.

**B.     Amount in Controversy**

18.     28 U.S.C. § 1332(a) provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs..."

19.     "[W]here the plaintiff has made no specific allegation as to the amount in controversy, courts have held that a defendant wishing to remove a case to federal court based on diversity jurisdiction must offer 'competent proof' that the jurisdictional requirements are met."  At the very least, this proof must be by a preponderance of the evidence. Mulvey v. PNC Bank, Nat'l Ass'n, No. 3:10-CV-66, 2010 WL 11635951, at *1 (N.D.W. Va. Sept. 7, 2010) (internal citations omitted).

20.     "[T]he amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied."  Heller v. TriEnergy, Inc., 877 F. Supp. 2d 414, 427 (N.D.W. Va. 2012).

21.     In conducting its analysis, the court may consider:

the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

Id. citing Watterson v. GMRI, Inc., 14 F.Supp.2d 844, 850 (S.D.W.Va.1997) (internal citations omitted).

22.     "[A] good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action." See Bryant v. Wal–Mart, 117 F.Supp.2d 555, 556–557 (S.D.W.Va.2000).

23.     The Court may consider pre-complaint settlement demands in assessing whether the amount in controversy exceeds $75,000.  See Heller v. TriEnergy, Inc., 877 F. Supp. 2d 414, 428 (N.D.W. Va. 2012).

24.     In the present case, Plaintiff alleges that Mr. Toothman tripped and fell over a wheel stop and/or curb stop in the parking lot outside of a Huntington Bancshares bank on June 3, 2019. Plaintiff alleges that Mr. Toothman suffered "serious and permanent injuries and damages, including but not limited to a brain hemorrhage." See Exhibit A at ¶8-9.

25.     Plaintiff alleges that the Defendants were negligent, and that they acted in a malicious, willful, wanton, reckless and/or grossly negligent manner by failing to keep their premises in a reasonably safe condition, for failing to warn of hidden dangers and defects on the property, by failing to inspect the premises for dangerous conditions, by failing to warn customers of the dangerous condition, and in permitting the hazard to exist. See Exhibit A at ¶¶17-32.

26.     Plaintiff alleges that the Defendants caused Mr. Toothman to suffer serious and permanent bodily injury and tremendous physical and mental pain and suffering, medical expenses, loss of the ability to perform household services, loss of the ability to enjoy life, humiliation, embarrassment, annoyance, anxiety, aggravation, mental anguish, inconvenience, emotional distress, a loss in ability to perform daily activities, and economic damages. See Exhibit A at ¶32.

27.     Plaintiff alleges that she is entitled to punitive damages from these Defendants due to their aforementioned willful, wanton, and reckless conduct. See Exhibit A at ¶33.

28.     Plaintiff also sets forth claims for negligent and intentional spoliation of evidence. See Exhibit A at ¶¶33-62. In support of these claims, Plaintiff alleges that Plaintiff's counsel sent a Letter of Representation to Huntington Bancshares Incorporated on February 10, 2020 and March 5, 2020 and demanded that Defendants preserve all evidence related to Mr. Toothman's fall and that despite said demand, the Defendants knowingly and intentionally destroyed evidence to prevent Plaintiff from proving her claims. See Exhibit A at ¶¶49-50, 56-57.

29.     Plaintiff claims the following damages:

(1)     special damages for the Defendants' negligence;
(2)     general damages for the Defendants' negligence;
(3)     prejudgment and post judgment interest;
(4)     punitive damages
(5)     costs and expenses, including attorney's fees;
(6)     all other damages set forth in this Complaint;
(7)     all other damages proximately caused by the negligence of the Defendants;
(8)     all damages allowed by West Virginia law as a result of Defendants' spoliation of evidence including but not limited to punitive damages, monetary sanctions, and all other sanctions and damages otherwise available to Plaintiff under West Virginia law, and
(10)    such other and further relief as deemed Just and proper by the Court.

See Exhibit A – Wherefore clause at p. 10-11.

30.    In a June 3, 2020 Demand Letter, attached hereto as Exhibit G, Plaintiff noted that

Mr. Toothman's related medical expenses totaled $34,248.82.  See Exhibit G at p. 4.

31.    Further, Plaintiff represents that Mr. Toothman suffered "severe injuries and

substantial damages" and "immense pain and suffering" as a result of his fall including:

- A large laceration above his right eye;
- A tear in his right arm;
- Abrasions to his body;
- Bilateral knee contusions;
- Bilateral knee abrasions; and
- A cortical hemorrhage in the frontal region of his head.

See Exhibit G at pp. 1, 3-4.

32.    Mr. Toothman was treated at Fairmont Regional Medical Center and in the

Intensive Care Unit at Ruby Memorial hospital.  He underwent diagnostic imaging of his ribs,

cervical spine, head, pelvis, hand, and wrist.  Plaintiff avers that Mr. Toothman "just wasn't the

same" after his fall; that he suffered from Alzheimer's, and that his brain hemorrhage exacerbated

his condition.  Mr. Toothman passed away a few months after his fall, in September 2019.  See

Exhibit G at pp. 4-5.

33.    As compensation for his injuries and to deter and punish the Defendants for their

alleged reckless conduct, Plaintiff demanded $375,000 to resolve this dispute.

34.    Accordingly, and based on the allegations contained within the Complaint and

Demand Letter, the amount in controversy meets the jurisdictional requirement of a value

exceeding the "sum or value of $75,000" as required by 28 U.S.C. § 1332(a).

WHEREFORE, Defendants, Huntington Bancshares Incorporated and J.P.  Knutsen

invoke the diversity jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§ 1441 and 1332,

having met the jurisdiction requirements of (1) complete diversity of citizenship between the

parties and (2) an amount in controversy exceeding $75,000 and, therefore, respectfully request

that this action be removed from the Circuit Court of Marion County, West Virginia to the United

States District Court for the Northern District of West Virginia.

Respectfully submitted by:

*/s/ Kevin M. Ward*
P. Joseph Craycraft, Esq. (WV 7920)
Kevin M. Ward, Esq. (WV 12636)
Swartz Campbell, LLC
1233 Main Street, Suite 1000
Wheeling, WV 26003
Phone (304) 232-2790
Fax (304) 232-2659

Counsel for Defendants

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF WEST VIRGINIA**

**CLARKSBURG DIVISION**

| | | |
|---|---|---|
| PEGGY A. TOOTHMAN, as Personal Representative of the Estate of DONALD E. TOOTHMAN, | : : : : | Civil Action No. |
| Plaintiff, | : : | |
| v. | : : | |
| HUNTINGTON BANCSHARES INCORPORATED, a West Virginia Foreign Corporation, and J.P. KNUTSEN, Individually | : : : : : | <u>Jury Demand</u> |
| Defendants. | : : | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL**

has been filed and served this 21st day of July 2021 via ECF filing to counsel of record as follows:

S. Brooks West, II
David A. Dobson
WEST LAW FIRM, L.C.
1514 Kanawha Boulevard East
Suite 2
Charleston, WV 25311

Counsel for Plaintiff

Respectfully submitted by:

*/s/ Kevin M. Ward*
P. Joseph Craycraft, Esq. (WV 7920)
Kevin M. Ward, Esq. (WV 12636)
Swartz Campbell, LLC
1233 Main Street, Suite 1000
Wheeling, WV 26003
Phone (304) 232-2790

Page 1 of 2

Fax (304) 232-2659

Counsel for Defendants