

West Virginia E-Filing Notice

CC-24-2021-C-72

Judge: David Janes

**To:** David Dobson
david@wvpersonalinjurylawyer.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA
Peggy A. Toothman, Executrix v. Huntington Bancshares Incorporated
CC-24-2021-C-72

The following complaint was FILED on 6/1/2021 11:12:31 AM

Notice Date:     6/1/2021 11:12:31 AM

Rhonda Starn
CLERK OF THE CIRCUIT COURT
Marion County
219 Adams St Room 211
FAIRMONT, WV 26554

(304) 367-5360
Rhonda.Starn@courtswv.gov



# COVER SHEET



E-FILED | 6/1/2021 11:12 AM
CC-24-2021-C-72
Marion County Circuit Clerk
Rhonda Stern

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF MARION COUNTY WEST VIRGINIA
**Peggy A. Toothman, Executrix v. Huntington Bancshares Incorporated**

| First Plaintiff: | ☐ Business | ☐ Individual | First Defendant: | ☑ Business | ☐ Individual |
|---|---|---|---|---|---|
| | ☐ Government | ☑ Other | | ☐ Government | ☐ Other |

**Judge:** David Janes

## COMPLAINT INFORMATION

**Case Type:** Civil          **Complaint Type:** Tort

**Origin:** ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No   **Case will be ready for trial by:** 6/1/2022

**Mediation Requested:** ☑ Yes ☐ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

    ☐ Wheelchair accessible hearing room and other facilities

    ☐ Interpreter or other auxiliary aid for the hearing impaired

    ☐ Reader or other auxiliary aid for the visually impaired

    ☐ Spokesperson or other auxiliary aid for the speech impaired

    ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:   David Dobson, 1514 KANAWHA BLVD E STE 2, CHARLESTON, WV 25311

## SERVED PARTIES

**Name:**    Huntington Bancshares Incorporated

**Address:**    c/o CT Corporation System 1626 Quarrier Street, Charleston WV 25311

**Days to Answer:** 30        **Type of Service:** Plaintiff - Secretary of State

---

**Name:**    J. P. Knutson

**Address:**    c/o Huntington Bank 58 Middletown Road, Fairmont WV 26554

**Days to Answer:** 20        **Type of Service:** Plaintiff - Private Process Server



E-FILED | 6/1/2021 11:12 AM
CC-24-2021-C-72
Marion County Circuit Clerk
Rhonda Starn

### IN THE CIRCUIT COURT OF MARION COUNTY, WEST VIRGINIA

PEGGY A. TOOTHMAN, as Executrix of
the Estate of DONALD E. TOOTHMAN,

      Plaintiff,

v.

HUNTINGTON BANCSHARES
INCORPORATED, a West Virginia foreign
Corporation, and J. P. KNUTSON, individually,

      Defendants.

Civil Action No.:_____

Honorable_____

### COMPLAINT

NOW COMES the Plaintiff, Peggy A. Toothman, as Executrix of the Estate of Donald

E. Toothman, by counsel, S. Brooks West, II, Esq., David A. Dobson, Esq., and West Law Firm,

LC, and complains and alleges as follows:

### PARTIES

1.    Plaintiff, Peggy A. Toothman, as Executrix of the Estate of Donald E. Toothman

(hereinafter "Plaintiff") is and was at all times relevant hereto, a resident of Kanawha County,

West Virginia.  Peggy A. Toothman is the authorized Executrix of the Estate of Donald E.

Toothman by "Letter of Administration" dated February 25, 2020 by the Kanawha County

Commission.

2.    Defendant, Huntington Bancshares Incorporated (hereinafter "Huntington

Bancshares" or collectively "Defendants"), its parents, subsidiaries, predecessors, successors,

and assigns, is and was, at all times relevant hereto, a foreign corporation doing business in

Marion County, West Virginia.

1

3.      Upon information and belief, Defendant, J. P. Knutson, (hereinafter "Defendant Knutson" or collectively "Defendants") is and was at all times relevant hereto, a resident of West Virginia.   Defendant Knutson is the branch manager of the Huntington Bancshares location where the subject incident which forms the basis of this Complaint occurred.

## JURISDICTION AND VENUE

4.      The incident giving rise to this cause of action occurred in Marion County, West Virginia, the Defendants are therefore subject to the personal jurisdiction of this Court.

5.      The incident giving rise to this cause of action occurred in Marion County, West Virginia, and venue is, therefore, appropriately vested in this Court.

6.      The Plaintiff's allegations, described more fully below, arise from certain statutory and common law obligations, and subject matter is, therefore, appropriately vested in this Court.

## COUNT I - NEGLIGENCE

7.      Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

8.      On or about June 3, 2019, Donald E. Toothman was a customer of the Huntington Bancshares bank location at 58 Middletown Road, in Fairmont, West Virginia.

9.      After exiting the aforementioned bank location, Mr. Toothman was attempting to walk to his parked vehicle in the parking lot, when he was tripped by a wheel stop, also known as a curb stop ("wheel stop"), thereby falling and suffering serious permanent injuries and damages, including but not limited to a brain hemorrhage.

2

10. Upon information and belief, the aforementioned wheel stop and parking lot were "dangerous conditions" due to among other things: a) the placement of the wheel stop; b) the color and the lack of contrast between the wheel stop, sidewalk, and the parking lot c) the condition of the wheel stop; and d) the condition of the sidewalk.

11. The aforementioned dangerous conditions were not open, obvious, and reasonably apparent.

12. The area where Donald E. Toothman was injured was a reasonable public path of ingress and egress for pedestrian traffic to and from the bank location, which was known or should have been known to the Defendants.

13. Defendants, by and through their employees, owners, members, agents, representatives and/or contractors, were in exclusive control of said premises.

14. Defendants owed a duty of care to Donald E. Toothman to keep their premises in a reasonably safe condition.

15. Defendants owed a duty of care to Donald E. Toothman to inspect for hazardous and dangerous conditions, hidden dangers and/or defects on their premises.

16. Defendants owed a duty of care to Donald E. Toothman to either remove, repair or warn Donald E. Toothman of the hazardous and dangerous conditions, hidden dangers and/or defects on their premises.

17. Defendants, through their employees, owners, members, agents, representatives and/or contractors, breached the aforementioned duties of care by one or more of the following:

a) Defendants negligently failed to keep their premises in a reasonably safe condition;

3

b)      Defendants negligently designed their parking lot, including parking spaces and wheel stops;

c)      Defendants negligently built their parking lot, including parking spaces and wheel stops;

d)      Defendants negligently failed to inspect their premises for hazardous and dangerous conditions, hidden dangers and/or defects

e)      Defendants negligently inspected their premises for hazardous and dangerous conditions, hidden dangers and/or defects

f)      Defendants negligently failed to warn Donald E. Toothman of, remove, and/or repair the hazardous and dangerous conditions, hidden dangers and/or defects on their premises.

18.     Defendants were otherwise negligent by virtue of other acts and omissions known and unknown to Donald E. Toothman, including, but not limited to, violating various codes, regulations and industry standards.

19.     Defendants recklessly and/or negligently maintained said premises by permitting a hidden trap or hazard to exist thereon, and such Defendants knew or should have known of the danger and risk it presented to the public and Donald E. Toothman.

20.     Said dangerous conditions maintained by Defendants caused Donald E. Toothman to fall and suffer serious, permanent injury.

21.     Defendants, by and through their employees, owners, members, agents, representatives and/or contractors,  knew or should have known of the foreseeable risk of serious harm that could occur to its customers, like Donald E. Toothman, by permitting the hidden trap

4

to exist and failing to provide an adequate warning to advise customers of its existence or barrier to prevent injury to them.

22.     Defendants, by and through their employees, owners, members, agents, representatives and/or contractors, knew or should have known of the foreseeable risk of serious harm that could occur to customers like Donald E. Toothman by breaching the aforementioned duties of care.

23.     The negligence and gross negligence of Defendants, as described herein proximately caused injuries and damages to Donald E. Toothman, including but not limited to serious and permanent bodily injury and tremendous physical and mental pain and suffering, medical expenses, loss of the ability to perform household services, loss of the ability to enjoy life, humiliation, embarrassment, annoyance, anxiety, aggravation, mental anguish, inconvenience, emotional distress, a loss in ability to perform daily activities, as well as, other injuries and economic and non-economic damages, all of which Donald E. Toothman suffered until his death.

24.     Defendants are liable to the Plaintiff for all injuries and damages proximately caused by the Defendants, described herein or otherwise.

## COUNT II- WILLFUL, WANTON, RECKLESS CONDUCT

25.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

26.     At all times relevant herein, Defendants, individually, jointly and severally, acted in a malicious, willful, wanton, reckless and/or grossly negligent manner by failing to keep their premises in a reasonably safe condition.

5

27.     At all times relevant herein, Defendants, individually, and jointly and severally, acted in a malicious, willful, wanton, reckless and/or grossly negligent manner by failing to fix hidden dangers and/or defects on their property.

28.     At all times relevant herein, Defendants, individually, and jointly and severally, acted in a malicious, willful, wanton, reckless and/or grossly negligent manner by failing to warn of hidden dangers and/or defects on their property.

29.     At all times relevant herein, Defendants, individually, and jointly and severally, acted in a malicious, willful, wanton, reckless and/or grossly negligent manner by failing to reasonably inspect their premises for dangerous conditions.

30.     At all times relevant herein, Defendants, individually, and jointly and severally, acted in a malicious, willful, wanton, reckless and/or grossly negligent manner by permitting the hidden trap and trip hazard to exist and failing to provide an adequate warning to advise customers of its existence.

31.     At all times relevant herein, Defendants, individually, and jointly and severally, acted in a malicious, willful, wanton, reckless and/or grossly negligent manner by permitting the hidden trap and trip hazard to exist and failing to provide a barrier to prevent injury.

32.     As a direct and proximate result of the willful, wanton and reckless conduct of Defendants, Donald E. Toothman suffered injuries and damages, including but not limited to, serious and permanent bodily injury and tremendous physical and mental pain and suffering, medical expenses, loss of the ability to perform household services, loss of the ability to enjoy life, humiliation, embarrassment, annoyance, anxiety, aggravation, mental anguish, inconvenience, emotional distress, a loss in ability to perform daily activities, as well as, other

6

injuries and economic and non-economic damages, all of which Donald E. Toothman suffered until his death.

33.     As a direct and proximate result of the willful, wanton and reckless conduct of Defendants, Plaintiff is entitled to an award of punitive damages to punish and deter the Defendants from like or similar conduct in the future.

## COUNT III - NEGLIGENT SPOLIATION OF EVIDENCE

34.     Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

35.     On February 10, 2020 and March 5, 2020 respectively, Plaintiff, through undersigned counsel, sent a "Letter of Representation" to CNA and Huntington Bancshares, formally demanding that Defendants preserve all evidence.

36.     Said February 10, 2020 and March 5, 2020 letters specifically included the following language: "*additionally, please fax/forward copies of all correspondence, investigation reports, photographs, surveillance footage, and any recorded statements of our client. You are placed on notice that all evidence regarding Mr. Toothman's trip and fall be preserved. Failure to do so may result in sanctions and/or claims for spoliation of evidence.*"

37.     In a letter dated March 24, 2020, Senior Casualty Adjuster, Jamison Wilkinson, acknowledged receipt of undersigned's March 5, 2020 "Letter of Representation."

38.     The Defendants, negligently disregarded this notice and/or the fact that an injury had occurred on the property in June 2019, thereby repairing and/or altering the aforementioned dangerous conditions and destroying valuable evidence.

39.    Because of the negligence of Defendants, evidence that was necessary to prove Plaintiff's claims was destroyed.

40.    At the time the evidence was destroyed by or at the direction of the Defendants, Defendants had possession and/or control over the evidence.

41.    At the time the evidence was destroyed by or at the direction of the Defendants, Plaintiff had planned to pursue a claim against Defendants and/or file a lawsuit against the Defendants.

42.    At the time the evidence was destroyed, Defendants had knowledge that Plaintiff had made a personal injury claim relating to Mr. Toothman's fall on said property.

43.    The Defendants were required to preserve the evidence by law.

44.    Defendants were negligent in that they failed to use reasonable care to preserve the evidence given the nature of the requirement of law to preserve said evidence.

45.    As a direct result of the negligence of Defendants, the evidence was destroyed.

46.    The facts that Plaintiff intended to prove through the introduction of the destroyed evidence could not have been proven by other evidence that was reasonably available to the Plaintiff.

47.    The destroyed evidence was vital to the ability of Plaintiff to prove her claims against Defendants.

## COUNT IV - INTENTIONAL SPOLIATION OF EVIDENCE

48.    Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully restated herein.

8

49.     On February 10, 2020 and March 5, 2020 respectively, Plaintiff, by and through her undersigned counsel, sent a "Letter of Representation" to CNA and Huntington Bancshares, formally demanding that Defendants preserve all evidence.

50.     Said February 10, 2020 and March 5, 2020 letters specifically included the following language: "*additionally, please fax/forward copies of all correspondence, investigation reports, photographs, surveillance footage, and any recorded statements of our client. You are placed on notice that all evidence regarding Mr. Toothman's trip and fall be preserved. Failure to do so may result in sanctions and/or claims for spoliation of evidence.*"

51.     In a letter dated March 24, 2020, Senior Casualty Adjuster, Jamison Wilkinson, acknowledged receipt of undersigned's March 5, 2020 "Letter of Representation."

52.     The Defendants, negligently disregarded this notice and/or the fact that an injury had occurred on the property in June 2019, thereby repairing and/or altering the aforementioned dangerous conditions and destroying valuable evidence.

53.     Because of the intentional actions of Defendants, evidence that was necessary to prove Plaintiff's claims was destroyed.

54.     At the time the evidence was destroyed by or at the direction of the Defendants, Defendants had possession and/or control over the evidence.

55.     At the time the evidence was destroyed by or at the direction of the Defendants, Plaintiff had planned to pursue a claim against Defendants and/or file a lawsuit against the Defendants.

56.     The Defendants intentionally destroyed the evidence.

57.     The Defendants knew the evidence was needed in Plaintiff's case and destroyed the evidence with the intent to prevent Plaintiff's ability to prove his claims in said lawsuit.

58.     The facts that Plaintiff intended to establish through the presentation of the destroyed evidence in said lawsuit could not have been proven by other evidence reasonably available to Plaintiff.

59.     The destroyed evidence was vital to the ability of Plaintiff to prove his claims in said lawsuit.

60.     The Defendants were required to preserve the evidence by law and in accordance with the preservation of evidence letters / letters of representation sent to Defendants as set forth above.

61.     Defendants intentionally failed to preserve the evidence given the nature of the requirement of law to preserve said evidence in accordance with the preservation of evidence letters / letters of representation sent to Defendants as set forth above.

62.     As a direct result of the intentional actions of Defendants, the evidence was destroyed.

**WHEREFORE,** Plaintiff Peggy A. Tootham as Executrix of the Estate of Donald E. Toothman, respectfully demands judgment against the Defendants in the amount that will fully and fairly compensate the Plaintiff for all his injuries and damages proximately caused by the negligence and willful, wanton and reckless conduct of the Defendant, including but not limited to: (1) special damages for the Defendants' negligence; (2) general damages for the Defendants' negligence; (3) prejudgment and postjudgment interest; (4) punitive damages in an amount sufficient to punish the Defendants for their willful, wanton and reckless conduct and deter like

conduct in the future; (5) costs and expenses of this action, including attorney's fees; (6) all other damages set forth in this Complaint; (7) all other damages proximately caused by the negligence of the Defendants; (8) all damages allowed by West Virginia law as a result of Defendants' spoliation of evidence in this case, including but not limited to, adverse inference jury instructions, punitive damages, monetary sanctions, and all other sanctions available pursuant to Rule 37 of the *West Virginia Rules of Civil Procedure*, *Tracy v. Cottrell*, 206 W. Va. 363, 524 S.E.2d 879 (1999) and *Hanna v. Heeter*, 213 W.Va. 704, 584 S.E.2d 560 (2003) (9) all other damages otherwise available to Plaintiff under West Virginia law, and (10) such other and further relief as deemed just and proper by the Court.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

PEGGY A. TOOTHMAN, AS EXECUTRIX OF THE ESTATE OF DONALD E. TOOTHMAN,

BY COUNSEL,

*/s/ David A. Dobson*
S. Brooks West, II, (WVSB #10493)
David A. Dobson (WVSB #12092)
WEST LAW FIRM, L.C.
1514 Kanawha Boulevard East, Suite 2
Charleston, WV 25311
Telephone: 304-343-9378
Facsimile: 304-343-5535